**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| HARRY CARAY LTD., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 3:24-cv-2214 |
| ) | |
| HOLY COW DALLAS LLC, ) | |
| HOLY COW ) | |
| RESTAURANT INC., and ) | |
| ADIL OSAMAH ) | |
| PALWALA, ) | |
| Defendants. ) | |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff Harry Caray Ltd., by its undersigned attorneys, for their complaint against Defendants Holy Cow Dallas, LLC (hereinafter "HCD"), Holy Cow Restaurant Inc. (hereinafter "HCR"), and Adil Osamah Palwala (hereinafter "Palwala") states and alleges as follows:

**Cause of Action**

1. This is an action by Harry Caray Ltd. against Defendants for federal and common law service mark infringement, unfair competition, service mark dilution and unjust enrichment. Harry Caray Ltd. seeks a preliminary and permanent injunction and damages, including treble damages and attorneys' fees for willfulness, under 15 U.S.C. §1117 and §1125, against Defendants preventing Defendants from further infringement of Harry Caray Ltd.'s federal service mark rights in and to the service mark **"HOLY COW!"** for restaurant services, and from competing unfairly with Harry Caray Ltd. and diluting the distinctiveness of Harry Caray Ltd.'s **HOLY COW!** mark**.**

**Parties**

2. Upon information and belief, Defendant HCD is a limited liability company organized under the laws of the State of Texas, residing at 4843 W. Royal Ln., Irving, Texas 75063.

3. Upon information and belief, Defendant HCR is a corporation organized under the laws of the State of New York, residing at 15 W. 29th St., New York, New York 10001-4515.

4. Upon information and belief, Defendant Palwala is an individual residing at 4843 W. Royal Ln., Irving, Texas 75063.

5. Plaintiff Harry Caray Ltd. is a corporation organized under the laws of the State of Illinois and has a place of business at 333 West Wacker Drive, Ste. 1700, Chicago, IL 60606-1247.

## Jurisdiction and Venue

6. This action arises under the provisions of the Lanham Trademark Act of 1946 (hereinafter "Trademark Act"), Title 15, United States Code, Section 1051 *et seq.*.

7. This Court has jurisdiction of these claims under, *inter alia*, the provisions of Sections 1331 and 1338 of Title 28, United States Code; Section 1121 of Title 15, United States Code; and Diversity of Citizenship under Title 28, United States Code, Section 1332. The amount in controversy is in excess of $75,000 exclusive of interests and costs.

8. Upon information and belief, HCD owns, operates and/or is a franchisee of a restaurant located at 18111 Dallas Parkway, Suite c200, Dallas Texas 75287, and advertises in, markets in, sell or provides restaurant services in or to consumers in, and/or serves consumers from, and has otherwise been doing business in the state of Texas and in this judicial district.

9. Upon information and belief, HCR owns, operates and/or is a franchisor of the restaurant located at 18111 Dallas Parkway, Suite c200, Dallas Texas 75287, and advertises in, markets in, sell or provides restaurant services in or to consumers in, and/or serves consumers from, and has otherwise been doing business in the state of Texas and in this judicial district.

10. Upon information and belief, HCR transacts business within the State of Texas by, *inter alia*, franchising in, advertising in, marketing in, soliciting consumers from, selling or

providing restaurant services to consumers from, and serving consumers from this state, and otherwise doing business in the state of Texas and in this judicial district.

11. Upon information and belief, Palwala owns, operates, franchises, controls and/or manages Defendant HCR and/or Defendant HCD, and/or owns, operates, controls, manages and/or is a franchisor of the restaurant located at 18111 Dallas Parkway, Suite c200, Dallas Texas 75287, and/or owns, operates, controls and/or manages the website https://www.holycow.nyc/ which advertises in, markets in, sell or provides restaurant services in or to consumers in, and/or serves consumers from, and has otherwise been doing business in the state of Texas and in this judicial district.

12. HCD is subject to the Court's jurisdiction because it resides in, and owns, operates and/or is a franchisee of a restaurant in this Judicial District, and/or is doing business in this Judicial District and has committed the acts complained of herein in this Judicial District.

13. HCR is subject to the Court's jurisdiction because it owns, operates and/or is a franchisor of a restaurant in this Judicial District, and/or owns, operates, controls and/or manages the website https://www.holycow.nyc/ which advertises in, markets in, sell or provides restaurant services in or to consumers in, and/or serves consumers from, and has otherwise been doing business in the state of Texas and in this judicial district, and has committed the acts complained of herein in this Judicial District.

14. Palwala is subject to the Court's jurisdiction because Palwala resides in, and owns, operates, franchises, controls and/or manages Defendant HCR and/or Defendant HCD, and/or owns, operates, controls, manages and/or is a franchisor of the restaurant located at 18111 Dallas Parkway, Suite c200, Dallas Texas 75287, and/or owns, operates, controls and/or manages the website https://www.holycow.nyc/ which advertises in, markets in, sell or provides restaurant

services in or to consumers in, and/or serves consumers from, and has otherwise been doing business in the state of Texas and in this judicial district and has committed the acts complained of herein in this Judicial District.

15. Venue is proper in this District under, *inter alia*, the provisions of Section 1391 of Title 28, United States Code.

**Background Facts**

16. The late, great Harry Caray is well known for being a famous, "larger than life" sports personality instantly recognizable throughout the United States and in other parts of the world. Harry Caray spent fifty-three (53) years broadcasting Major League Baseball, including for the St. Louis Cardinals, the Oakland Athletics, the Chicago White Sox and as the beloved voice of the Chicago Cubs for sixteen (16) seasons until his death in 1998.

17. Harry Caray is famous for his catch phrase "HOLY COW!" and his legacy lives on through Harry Caray Ltd. which owns and manages the Harry Caray NIL rights and other intellectual property, including various registered U.S. Service Marks, used extensively by seven restaurants serving consumers from across the nation.

18. In 1987, the first Harry Caray's Italian Steakhouse opened in the River North area of Chicago in 1987 to celebrate the Hall of Fame broadcaster and his love for Chicago sports, great food and drink—and most of all—the fans. Harry Caray's legacy has since grown to include seven restaurants, an offsite catering company and the Chicago Sports Museum.

19. Harry Caray Ltd. is the owner of U.S. Service Mark Registration Nos. 3141729 and 2216797 for the mark **HOLY COW!** for restaurant and bar services, registered on September 12, 2006 and August 3, 1999, respectively (Group Exhibit 1 hereto). These registrations enjoy incontestable status under Section 15 of the Trademark Act.

*Plaintiff Harry Caray Ltd.'s Original Complaint* - Page 42820.1 3490350.1

20.     For several decades, the **HOLY COW!** mark has been used in connection with the marketing and sale of the Harry Caray restaurant and bar services. The **HOLY COW!** mark is used, for example, on the Harry Caray restaurant website (see, e.g., Exhibit 2, https://www.harrycarays.com/company.html) and on the Harry Carry restaurant menus (see, e.g., Exh. 3, https://www.harrycarays.com/uploads/1/1/0/0/110013823/hcss_lunchdinner_2023.pdf). On occasion, a giant HOLY COW! banner is affix to the HARRY CARAY'S ITALIAN STEAKHOUSE, RIVER NORTH building (*see, e.g.*, picture of fifty foot restaurant banner, Exhibit 4 hereto).

21.     The Harry Caray restaurants sell apparel and gifts/souvenirs in stores and on-line at https://www.harrycarays.com/store/c4/Harry-Caray-Retail (Exhibit 5) with the HOLY COW! mark thereon including t-shirts, baseball caps, pint glasses, and koozies. This apparel and the gifts sold by the Harry Caray restaurants on premises and online clearly associate the mark HOLY COW! with the Harry Caray restaurants.

22.     The Harry Caray restaurant locations near O'Hare International Airport, at Midway airport, and at Chicago's Navy Pier, *inter alia*, have served millions of global travelers and tourists from throughout the world, including from New York and Texas, and have made Harry Caray's HOLY COW! service mark well known, if not famous, for restaurant and bar services. The HOLY COW! mark is used on or in connection with the Harry Caray restaurants, including in signs or displays adorning the walls of the restaurants.  See, for example, pictures of a display on the wall of the Harry Caray's Shortstop restaurant in Midway airport (Group Exhibit 6).

23.     The Harry Caray restaurants host an extremely popular annual event in the form of an annual tribute/toast to Harry Caray, which garners substantial publicity. The May 2, 2024, 26th Annual Worldwide Toast to Harry Caray was themed "A HOLY COW! Extravaganza" (see

*Plaintiff Harry Caray Ltd.'s Original Complaint* - Page 5   52820.1 3490350.1

Exhibit 7, https://www.harrycarays.com/toasttoharrycaray.html) and was broadcast live. Major TV stations, including nationwide superstation WGN, covered the event (see, e.g., screenshot of Youtube video at https://www.youtube.com/watch?v=7cdmhAsmoWs of CBS channel 2 news coverage displaying the HOLY COW! mark, Exhibit 8).

24.     Media coverage from "A HOLY COW! Extravaganza" is available nationwide on Youtube at https://www.youtube.com/watch?v=7cdmhAsmoWs and shows numerous celebrity, actors and/or retired MLB players at and/or discussing the Harry Caray's restaurants and the HOLY COW! mark, including Jason Alexander, Ryan Dempster, Chris Kattan, James Denton and Ron Kittle. People in this Youtube video can be seen wearing apparel displaying the HOLY COW! mark (see screenshot of aforesaid Youtube video, Exhibit 9).

25.     The Harry Caray restaurants sell food items, namely, potato chips, in stores and nationwide on-line at https://www.harrycarays.com/gift-cards--retail.html, linking to https://www.holycowchips.com/, which are sold in packings, bags and containers having both the restaurant name Harry Caray's and the mark Holy Cow! thereon (Exhibit 10). The holycowchips.com website also displays the restaurant name Harry Caray's and the mark Holy Cow! thereon.

26.     The registered **HOLY COW!** service mark has developed considerable goodwill, is well established and well regarded, and is held in high repute by its customers, the trade and the public throughout the nation. Through extensive advertising and promotion of the associated services throughout the United States over the last thirty-seven (37) years, the HOLY COW! mark has become well known, and is closely associated in the minds of the purchasing public, companies and consumers nationwide with Harry Caray Ltd. and its related Harry Caray restaurants.

27.     Because of the extensive use and promotion of Harry Caray Ltd.'s **HOLY COW!**

*Plaintiff Harry Caray Ltd.'s Original Complaint* - Page 6 2820.1 3490350.1

mark for restaurant services, the relevant public has come to identify restaurant services offered under the **HOLY COW!** mark as coming from Harry Caray Ltd. and its related Harry Caray restaurants. The goodwill and reputation associated with the well know, if not famous, **HOLY COW!** mark have an asset value to Harry Caray Ltd. that is worth millions of dollars.

28. On July 13, 2020, Palwala filed an intent-to-use U.S. Service Mark Application Serial Number 90050503 for the mark HOLY COW and design for services identified as "Restaurant; Restaurant and café services; Restaurant and catering services; Restaurant and hotel services; Restaurant services; Restaurant services featuring sandwiches; Restaurant services, including sit-down service of food and take-out restaurant services; Cafeteria and restaurant services; Fast-food restaurant services; Hotel and restaurant services; Hotel, restaurant and catering services; Mobile café services for providing food and drink; Self service restaurants; Take-out restaurant services". On October 29, 2020, the USPTO refused registration of the mark HOLY COW and design, finding that a likelihood of confusion existed between the mark HOLY COW and design and Harry Caray Ltd.'s HOLY COW! mark, stating: "Registration of the applied-for mark is refused because of a likelihood of confusion with the marks in U.S. Registration Nos. 2216797 and 3141729 (both for HOLY COW!)." (USPTO refusal attached as Exhibit 11).

29. Upon information and belief, despite having actual knowledge of Harry Caray Ltd.'s HOLY COW! registrations, and actual knowledge of the USPTO's likelihood of confusion refusal of HCR's HOLY COW and design mark, Defendants deliberately and willfully decided to use the HOLY COW and design mark in connection with their restaurant services. By doing so, upon information and belief, Defendants willfully, intentionally and unlawfully sought to create a false association with the Harry Caray restaurants, and to willfully, intentionally and unlawfully misappropriate the tremendous goodwill of Harry Caray Ltd.'s well known, if not famous **HOLY**

**COW!** mark, as well as the goodwill associated therewith. Attach hereto as <u>Group Exhibit 12</u> are examples of Defendants' use of the confusingly similar mark HOLY COW in connect with their restaurant services.

30. On May 22, 2023, HCR, by and through Palwala, filed U.S. Service Mark Application Serial Number 98006584 for the mark HOLY HALAL COW for services identified as "Restaurant and catering services." On February 20, 2024, the USPTO refused registration of HOLY HALAL COW, finding that a likelihood of confusion existed between the mark HOLY HALAL COW and Harry Caray Ltd.'s HOLY COW! marks, stating: "Registration of the applied-for mark is refused because of a likelihood of confusion with the marks in U.S. Registration Nos. 2216797 and 3141729." (USPTO refusal attached as Exhibit 13).

31. On July 3, 2023, HCR, by and through Palwala, filed U.S. Service Mark Application Serial Number 98069272 for the mark HOLY BURGERS COW for services identified as "Restaurant and café services; Restaurant and catering services." On February 20, 2024, the USPTO refused registration of HOLY BURGERS COW, finding that a likelihood of confusion existed between the mark HOLY BURGERS COW and Harry Caray Ltd.'s HOLY COW! registrations, stating: "Registration of the applied-for mark is refused because of a likelihood of confusion with the marks in U.S. Registration Nos. 2216797 and 3141729." (USPTO refusal attached as Exhibit 14).

32. Upon information and belief, despite having actual knowledge of Harry Caray's HOLY COW! registrations, and actual knowledge of the USPTO's likelihood of confusion refusals for a) the HOLY COW and design mark, b) the HOLY HALAL COW mark and c) the HOLY BURGERS COW mark, Defendants deliberately and willfully decided to continue to use the confusingly similar HOLY COW mark in connection with their restaurant services.

33. On February 5, 2024, Harry Caray Ltd. sent Defendants a cease and desist letter outlining Defendants' infringement of Harry Caray's HOLY COW! mark (Exhibit 15).

34. On March 14, 2024, Defendants sent a response letter (Exhibit 16) refusing to cease and desist, thus making the deliberate decision to continue to willfully infringe upon Harry Caray Ltd.'s trademark rights in and to the HOLY COW! mark for restaurant services, despite having knowledge of the USPTO's finding of a likelihood of confusion with Harry Caray Ltd.'s HOLY COW! mark.

35. On March 28, 2024, Harry Caray Ltd. sent Defendants a follow up cease and desist letter further outlining Defendants' infringement of Harry Caray Ltd.'s HOLY COW! mark (Exhibit 17).

36. On April 4, 2024, Defendants sent another response letter (Exhibit 18), refusing to cease and desist, again making the deliberate decision to continue to willfully infringe upon Harry Caray Ltd.'s trademark rights in and to the mark HOLY COW! for restaurant services.

37. Upon information and belief, despite having actual knowledge of Harry Caray Ltd.'s HOLY COW! registrations and the long time use of the HOLY COW! mark in connection with the Harry Caray restaurants, and actual knowledge of its own willful infringement, HCR, by and through and/or at the direction of Palwala, filed on June 7, 2024 a USPTO Petition to Cancel Harry Caray Ltd.'s HOLY COW! registrations on the alleged basis of non-use/abandonment (Exhibit 19).

38. The June 7, 2024, Petition to Cancel included false statements regarding the use of Harry Caray's HOLY COW! mark on Harry Caray's website. For example, the Petition to Cancel alleged that the "website at https://www.harrycarays.com/ does not identify any use of HOLY COW! for the Registered Services in the United States." This statement is false as shown in at

*Plaintiff Harry Caray Ltd.'s Original Complaint* - Page 9
2820.1 3490350.1

least Exhibits 2, 3, and 5 hereto.

39. By offer and sale of restaurant services under the confusingly similar mark **HOLY COW**, Defendants are unlawfully and willfully infringing upon Harry Caray Ltd.'s **HOLY COW!** mark. Defendants are unlawfully taking full advantage of and are misappropriating the goodwill of Harry Caray Ltd.'s well known, if not famous **HOLY COW!** mark, thereby causing a likelihood of confusion, mistake, or deception to customers, and depriving Harry Caray Ltd. of its undiluted right to its **HOLY COW!** mark, and the resulting goodwill therefrom.

40. Upon information and belief, consumers are likely to be confused and/or mistaken as to the origin of the parties' services or as to an affiliation between the parties hereto, believing erroneously that Defendants' services are provided by the Harry Caray restaurants, or erroneously believing that there is some authorization, affiliation or sponsorship between the parties when there is not.

41. Through its continued confusingly similar use of the mark **HOLY COW** for restaurant services, Defendants willfully continue to intentionally violate Harry Caray Ltd.'s rights in and to the **HOLY COW!** mark under Federal and Common Law.

42. The use by Defendants of a confusingly similar mark **HOLY COW** to Harry Caray Ltd.'s **HOLY COW!** mark, both for the restaurant services, constitutes a misappropriation and infringement of Harry Caray Ltd.'s service mark rights and associated goodwill, dilutes the distinctiveness of Harry Caray Ltd.'s well known, if not famous **HOLY COW!** mark, and further is likely to confuse customers, consumers, and the general public as to the source of Defendants services, and/or as to the sponsorship, affiliation and/or connection with Harry Caray Ltd. and/or its related restaurant services, and further, has and will continue to create the impression that Harry Caray Ltd. is responsible for the quality of the services offered or sold by Defendants when Harry

Caray Ltd. is not.

## COUNT I

### Federal Unfair Competition

43. Harry Caray Ltd. repeats and realleges the allegations above as though fully stated herein.

44. Defendants' offer and sale or provision of restaurant services under the name and mark **HOLY COW** has and/or is likely to cause confusion among customers and leads them to believe that the services advertised, offered and/or sold by Defendants originate from Harry Caray Ltd. or that Harry Caray Ltd. has licensed, approved or somehow sponsored Defendants' services, or that Harry Caray Ltd. and/or the Harry Caray restaurants are in some way related, affiliated or connected with Defendants, when in fact no such relationship exists.

45. Upon information and belief, Defendants' services are marketed in the same channels, namely via the internet, as Harry Caray Ltd.'s restaurant services, and are provided to consumers who are aware of Harry Caray Ltd., its restaurant services, and its mark **HOLY COW!**, thereby causing a likelihood of confusion with users of the internet searching for the Harry Caray restaurants, and with consumers who are aware of Harry Caray Ltd., its restaurant services, and its mark HOLY COW!.

46. Defendants' conduct in substantially copying or imitating Harry Caray's well known, if not famous **HOLY COW!** mark was and is completely unauthorized and constitutes unfair competition with Harry Caray Ltd. and the Harry Caray restaurants in order to palm-off or permit others to palm-off Defendants' services as those of the Harry Caray restaurant services or to benefit from the goodwill associated therewith.

47. Defendants' substantially copying or imitation of Harry Caray Ltd.'s well known,

if not famous **HOLY COW!** mark without proper authorization is a false designation of origin, and a deceptive or false representation as to the source or affiliation of Defendants' services, so that the purchasing public and others mistakenly believe that Defendants' services are offered or sold by Harry Caray Ltd. and the Harry Caray restaurants or affiliated or sponsored by Harry Caray Ltd. or the Harry Caray restaurants when in fact they are not.

48. Defendants' confusingly similar use of the mark HOLY COW is likely to cause confusion and mistake as to the source or sponsorship of its services, or as to the relationship between those services and the services offered by the Harry Caray restaurants, and such use by Defendants constitutes a false representation as to the source or affiliation of said services and a false designation of origin, in violation of §43(a) of the Lanham Act.

49. Because of Harry Caray Ltd.'s extensive promotion and rendering of its services through the Harry Caray restaurants to consumers from across the nation, offered and provided under its well know, if not famous mark **HOLY COW!** for restaurant services**,** and the valuable goodwill and reputation afforded its mark **HOLY COW!** by the public at large, use of the mark **HOLY COW** by Defendants affords Defendants the opportunity to take advantage of the Harry Caray restaurant's advertising and promotional expenditures and tremendous goodwill without cost or expense.

50. By reason of Defendants' acts, Harry Caray Ltd.'s rights under 15 U.S.C. §1125(a) have been violated. Defendants' acts have caused, and unless restrained by this Court, will continue to cause irreparable harm, damage and injury to Harry Caray Ltd.'s business and goodwill.

51. Harry Caray Ltd. has no adequate remedy at law.

## COUNT II

### Unfair Competition under the Common Law

52. Harry Caray Ltd. repeats and realleges the allegations above as though fully stated herein.

53. Defendants' offer and sale of restaurant services using a confusingly similar name and mark as Harry Caray Ltd.'s mark **HOLY COW!** has and is likely to continue to injure Harry Caray Ltd.'s business reputation and to dilute the distinctive quality of Harry Caray's **HOLY COW!** mark in violation of the Common Law.

54. Defendants have unfairly competed with Harry Caray Ltd. by the acts complained of, have done so intentionally, and have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to Harry Caray Ltd.

55. Harry Caray Ltd. has no adequate remedy at law.

### COUNT III

### Federal Service Mark Infringement

56. Harry Caray Ltd. repeats and realleges the allegations above as though fully stated herein.

57. Defendants have willfully infringed upon Harry Caray Ltd.'s service mark rights and otherwise have willfully competed unfairly with Harry Caray Ltd. by knowingly marketing, offering and providing restaurant services under a confusingly similar name and mark **HOLY COW**, to Harry Caray Ltd.'s registered mark **HOLY COW!** for restaurant services, which is likely to cause confusion, mistake or deceit with Harry Caray Ltd. and the Harry Caray restaurants, long after Harry Caray Ltd. had been offering and providing its restaurant services through the Harry Caray restaurants in connection with its mark **HOLY COW!**, with full knowledge that Harry Caray Ltd. has been providing and offers and sells said restaurant services through the Harry Caray

restaurants under the federally registered service mark **HOLY COW!** in violation of 15 U.S.C. §1114.

58. Harry Caray Ltd. requests this Court to declare that Defendants are willful infringers under 15 U.S.C. §1117 and under other applicable laws and to award to Harry Caray's statutory damages and/or treble damages and attorneys' fees and costs as a result of said willful infringement.

### COUNT IV

### Common Law Service Mark Infringement

59. Harry Caray Ltd. repeats and realleges the allegations above as though fully stated herein.

60. Defendants' use of a confusing similar name and mark **HOLY COW** for the same services as Harry Caray Ltd. offers and sells through the Harry Caray restaurants under its mark **HOLY COW!** creates a likelihood of confusion and deception in the public mind as to the source or affiliation of the services, and further creates the wrongful impression that Harry Caray Ltd. is responsible for the quality and sale of Defendants' services when, in fact, it is not.

61. Defendants' unauthorized use of the confusing similar name and mark **HOLY COW** for restaurant services to Harry Caray Ltd.'s nationally well known, if not famous mark **HOLY COW!** for restaurant services, long after Harry Caray Ltd.'s first use, creates a likelihood of confusion, mistake and/or deception in the public mind as to the source of Defendants' restaurant services and further creates the wrongful impression that Defendants are somehow approved by, affiliated with or sponsored by Harry Caray's, or that Harry Caray's is responsible for the quality and sale of Defendants' services when, in fact, it is not.

62. Defendants' acts have been intentionally committed and have caused and, unless

enjoined by this Court, will continue to cause irreparable harm, damage and injury to Harry Caray Ltd. in violation of the Common Law.

## COUNT V

### Federal Service Mark Dilution

63. Harry Caray Ltd. repeats and realleges the allegations above as though fully stated herein.

64. Defendants' aforesaid unauthorized use of a confusingly similar mark to Harry Caray Ltd.'s famous **HOLY COW!** mark for the same services dilutes the distinctive quality of Harry Caray Ltd.'s mark in violation of 15 U.S.C. §1125(c).

65. Defendants' dilution of Harry Caray Ltd.'s well known, if not famous mark **HOLY COW!**, unless restrained and enjoined, will continue to cause significant and substantial damage to Harry Caray Ltd. and its mark **HOLY COW!** by, *inter alia*, lessening the strength of its service mark, lessening the value of its service mark, preventing or severely limiting Harry Caray Ltd. from expanding its restaurant services under the mark **HOLY COW!**, and/or sending the message to other infringers that they can encroach upon Harry Caray Ltd.'s rights to their benefit and to the determent of Harry Caray Ltd.

66. The damage to Harry Caray Ltd. caused by Defendants' dilution of Harry Caray Ltd.'s well known, if not famous mark **HOLY COW!** is believed to be in excess of several millions of dollars.

## COUNT VI

### Common Law Service Mark Dilution

67. Harry Caray Ltd. repeats and realleges the allegations above as though fully stated herein.

68. Defendants' aforesaid unauthorized use of confusingly similar name and mark to Harry Caray Ltd.'s famous mark **HOLY COW!** for the same services dilutes the distinctive quality of Harry Caray Ltd.'s **HOLY COW!** mark in violation of the common law.

69. Defendants' dilution of Harry Caray Ltd.'s well known, if not famous mark **HOLY COW!**, unless restrained and enjoined, will continue to cause significant and substantial damage to Harry Caray Ltd. and its **HOLY COW!** mark by, *inter alia*, lessening the strength of its **HOLY COW!** mark, lessening the value of its service mark, preventing or severely limiting Harry Caray Ltd. from expanding its restaurant services, and/or sending the message to other infringers that they can encroach upon Harry Caray Ltd.'s rights to their benefit and to the determent of Harry Caray Ltd.

70. The damage to Harry Caray Ltd. caused by Defendants' dilution of Harry Caray's famous mark **HOLY COW!** is believed to be in excess of several millions of dollars.

## COUNT VII

### Unjust Enrichment

71. Harry Caray Ltd. repeats and realleges the allegations above as though fully stated herein.

72. Defendants have been and continue to be unjustly enriched at the expense of Haray Caray Ltd. by Defendants' acts complained of herein.

73. Specifically, Defendants have taken unfair advantage of Harry Caray Ltd. by trading on and profiting from the goodwill and reputation of Harry Caray Ltd.'s well known, if not famous **HOLY COW!** mark, which has long been used in connection with the Harry Caray restaurant services, resulting in Defendants wrongfully obtaining a monetary and reputational benefit for its own business and restaurant services.

74. Defendants' acts complained of herein constitute unjust enrichment at Harry Caray Ltd.'s expense in violation of Texas state common law.

75. Harry Caray Ltd. has been damaged by Defendants' acts of unjust enrichment.

## JURY DEMAND

Plaintiff Harry Caray Ltd. demands a jury trial in accordance with Fed. R. Civ. P. 38(b).

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff Harry Caray Ltd. prays:

A. That this Court preliminarily, permanently and finally enjoin Defendants from using the name and mark **HOLY COW** in connection with restaurant services and from infringing Harry Caray Ltd.'s federally registered mark **HOLY COW!** and from diluting the distinctiveness thereof, and damaging the reputation of Harry Caray Ltd. and otherwise competing unfairly with Harry Caray Ltd., and misappropriating Harry Caray Ltd.'s extensive goodwill in the mark **HOLY COW!**;

B. That this Court award to Harry Caray Ltd. such damages as Harry Caray Ltd. has sustained in consequence of Defendants' infringement of Harry Caray Ltd.'s **HOLY COW!** service mark and said other unlawful acts and activities, including but not limited to Defendants' profits, and to account for all gains, profits and advantages derived by Defendants' therefrom, and to award appropriate exemplary damages so as to set an example that the willful acts of Defendants cannot be condoned;

C. That this Court award to Harry Caray Ltd. three times the amount of (1) defendants' profits, (2) any damages sustained by Harry Caray Ltd., and (3) the costs of this action, pursuant to 15 U.S.C. §1117(a), and further that this Court hold that this is an exception case and award Harry Caray Ltd. its reasonable attorneys' fees under 15 U.S.C. §1117(a);

    D.  That this Court award to Harry Caray Ltd. three times such profits or damages, whichever is greater, together with reasonable attorneys' fees under 15 U.S.C. §1117(b) in view of Defendants continued and ongoing intentional infringement;

    E.  That this Court award to Harry Caray Ltd. statutory damages in the amount of $200,000 pursuant to 15 U.S.C. §1117(c)(1), and further find that the continued and ongoing use by Defendants of a substantially indistinguishable mark of Harry Caray Ltd.'s **HOLY COW!** mark is willful, and award to Harry Caray Ltd. statutory damages in the amount of $2,000,000 per mark per type of goods or services sold, offered for sale, or distributed, as the court considers just, pursuant to 15 U.S.C. §1117(c)(2);

    F.  That this Court issue an order requiring Defendants and all those in privity or concert therewith to deliver up for forfeiture, cancellation and/or destruction all labels, signs, packages, wrappers, articles, domain names, websites, metatags, and promotional and advertising materials of any kind in their possession or under their control bearing the name or mark **HOLY COW** or any confusingly similar variation thereof;

    G.  That all costs and expenses in this action, including reasonable attorneys' fees as provided for <u>inter alia</u> by 15 U.S.C. §§1117 and 1125, and appropriate interest on all damages sustained by Harry Caray Ltd., be taxed in favor of Harry Caray Ltd. and against Defendants and that Harry Caray Ltd. shall have judgment and execution thereof against Defendants; and

    H.  That this Court grant all other relief as this Court may deem just and proper.

                        Respectfully submitted,

Dated: August 27, 2024                **MACDONALD DEVIN MADDEN KENEFICK & HARRIS, P.C.**

                                                By: */s/ John S. Kenefick*
                                                     **John S. Kenefick**

>State Bar No. 24006294
>JKenefick@macdonalddevin.com
>**Jamie E. Modelo**
>State Bar No. 24128884
>JModelo@macdonalddevin.com
>
>12770 Coit Road, Suite 1100
>Dallas, Texas 75251
>214.744.3300 Telephone
>217.747.0942 (Facsimile)
>
>**ATTORNEYS FOR PLAINTIFF
>HARRY CARAY LTD.**