J a
y a r
a m

lawyers for innovators®

**Via Email**
Harry Caray, Ltd.
c/o Charles T. Riggs Jr.
The Law Office of Charles T. Riggs Jr.
551 Forest Avenue
River Forest, Illinois 60305
riggs@riggs.pro

Counsel:

We represent the Holy Cow Franchise (the "Franchise") in relation to their intellectual property matters. Our client received your letter dated February 5, 2024, regarding the use of the mark "Holy Cow!" (the "Correspondence"). We reviewed the Correspondence, and while we disagree with your position that the Franchise's use of the mark "HOLY COW" constitutes infringement, we write in an effort to resolve this matter efficiently and amicably.

Your assessment that the marks are likely to cause confusion amongst consumers is incorrect. The Correspondence fails to describe how the Franchise's activities allegedly constitute trademark infringement under these factors. Importantly, as explained below, the goods and services provided by the Franchise and Harry Caray Ltd. ("Harry Caray") are not similar, the sophistication of consumers is high, and despite our client's use of the "Holy Cow" mark since 2018 you have failed to point to any instance of actual consumer confusion. It is therefore unlikely that you would be able to make a successful claim for trademark infringement.

*First*, the Franchise offers halal, as well as vegetarian and vegan burgers and associated food offerings in the New York area and Dallas, Texas. Harry Caray's group includes restaurants selling Italian cuisine in a sports-themed bar setting. This distinction matters because the Franchise's customers often have dietary preferences or restrictions that influence their restaurant choices, and they exercise a high degree of care in making

Vivek Jayaram
vivek@jayaramlaw.com
(646) 325-9855
jayaramlaw.com

Exhibit 16

these choices. While the Franchise appreciates that both entities offer "restaurant services," the term encompasses such a variety of cuisines, venues and services that this commonality does not, and cannot, imply any risk of confusion by consumers.

*Second*, while—as you state in the Correspondence—your client relies on the name, image, likeness and persona of Harry Caray, including the use of the catch phrase "Holy Cow!," the Franchise's services do not in any way reference or relate to Harry Caray or his signature catch phrase. Instead, the use of the term "Holy Cow" by the Franchise is merely a reference to the sanctity of the cow pursuant to certain ancient and traditional religious rules and in turn, the origin of the meat products served by the Franchise.

*Third*, the Franchise has been operating under its current name since 2018. Since then, its popularity has steadily increased, as is apparent across public search platforms. The fact that you are not able to point to one instance of confusion is evidence that the Franchise and Harry Caray can, and will continue to, peacefully coexist without consumer confusion.

To avoid costly and time-consuming litigation on this matter for both of our clients, we respectfully request that you withdraw or revise your demands accordingly. Please contact us with fourteen (14) days of receiving this letter to inform us how you wish to proceed. We would be happy to arrange a time to connect and further discuss a resolution. My client takes these allegations very seriously, and is hopeful this matter can come to a swift and mutually-agreeable resolution.

We look forward to your clients' response by March 28.

All rights reserved.

Best regards,

/s/ *Vivek Jayaram*
Jayaram PLLC

Vivek Jayaram
vivek@jayaramlaw.com
(646) 325-9855
jayaramlaw.com

Exhibit 16