J a
y a r
a m

lawyers for innovators®

**Via Email**
Harry Caray, Ltd.
c/o Charles T. Riggs Jr.
The Law Office of Charles T. Riggs Jr.
551 Forest Avenue
River Forest, Illinois 60305
riggs@riggs.pro

Counsel:

We write in response to your letter of March 28, 2024 regarding the Franchise's[1] purported trademark infringement.

While we acknowledge that both your client and the Franchise operate in the restaurant industry, your assertion that the "case for trademark infringement is crystal clear" does not make it so.

To be sure, you note that your client's restaurants "also serve burgers, hot dogs, and chicken sandwiches." However, even a cursory review of the menus on your client's website makes clear that no Harry Caray restaurant serves any halal food. As noted in the Letter, the Franchise's customers are individuals who exercise a high degree of care in selecting restaurant venues consistently with their dietary preferences or restrictions. Setting aside the fact that your client's restaurants are located in a geographical area in which the Franchise does not operate, the fact that they do not serve halal food is enough to eliminate the risk of consumer confusion. Similarly, the absence of any references to sports or Harry Caray's persona in the Franchise's restaurants—which are plenty in your client's restaurants—means there is no "likelihood of confusion."

Perhaps more importantly, it is our understanding that Harry Caray does not in fact use the Holy Cow! mark at its restaurants. Here again, the information on your client's website or more generally publicly available indicates that the mark does not appear on

---

[1] Unless specifically noted, all capitalized terms in the present correspondence shall have the same meaning as in our letter to you dated March 13, 2024 (the "Letter").

Vivek Jayaram
vivek@jayaramlaw.com
(646) 325-9855
jayaramlaw.com

Exhibit 18

any menus, promotional materials, or décor either inside or outside any of your client's restaurants. Indeed, based on the research we conducted, it seems your client has not used the mark as a trademark in connection with restaurant services for many years. Accordingly, it is our view that there are no rights to be infringed upon.

For these reasons, we will now consider the matter closed and assume no further steps are necessary. We continue to reserve all rights, including the right to take any measures we deem appropriate to protect the Franchise's interests against your client's unsubstantiated claims.

Best regards,

/s/ *Vivek Jayaram*
Jayaram PLLC

Vivek Jayaram
vivek@jayaramlaw.com
(646) 325-9855
jayaramlaw.com

Exhibit 18